UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GINA Y. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-015-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| USA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gina Daugherty is a resident of Lexington, Kentucky.  Proceeding without an attorney, Daugherty has filed a civil action against Defendants the United States, the Commonwealth of Kentucky, the City of Lexington, the Kentucky Cabinet for Health and Family Services, and Baptist Health Lexington Hospital. [Record No. 1] She has also filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  [Record No. 3] The financial information contained in Daugherty's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee.  As a result, the Court will grant her motion to proceed *in forma pauperis*.

This matter is pending for initial screening as required by 28 U.S.C. §§ 1915(e)(2).[1]  In conducting this screening, the Court notes that a plaintiff's complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to

---

[1] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from the relief sought.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. Additionally, the Court evaluates Daugherty's Complaint under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and her legal claims are liberally construed in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Daughtery's Complaint contains allegations that, because the United States has deemed cannabis as a Schedule 1 narcotic drug, the other defendants named in this matter have falsely accused her of child neglect because of the plaintiff's admitted cannabis use. She further states that federal and state laws concerning cannabis use "have always violated the people's constitutional rights of freedom of our religious beliefs. We all know that God Almighty gave us cannabis and other herbs for medicinal purposes, we have the right to trust what we trust and be free to use what we trust without government interference." [Record No. 1 at p. 8-9] Daugherty claims that the defendants' actions violate her Constitutionally-protected rights under the First, Fourth, Fifth, Sixth, and Eighth Amendments. [*Id*. at p. 7] And she further identifies her "causes of action" as being brought pursuant to 18 U.S.C. §§ 241, 242, and 1091, and 42 U.S.C. §§ 3631 and 14141. [Record No. 1-1 at p. 2]

Daugherty has attached to her Complaint documentation relating to a dependency, neglect or abuse action currently pending in the Family Court of Fayette County, Kentucky. [Record No. 1-3, attaching pleadings related to *In re. Z.Y.R.*, No. 20-J-971-001 (Fayette Family

-2-

Ct. 2020)][2]   She claims that, during a hearing in the removal proceedings, "perjury was committed as well as false allegations of neglect due to [her] cannabis use." [Record No. 1]

Daugherty seeks an Order requiring the United States to establish a federal law allowing people to grow cannabis in their homes, a $2,000,000.00 monetary settlement and 100 acres of land tax free; and farming equipment.  Further, she seeks the return of her children, the expungement of child neglect charges, and the return of all children seized from parents due to cannabis use.

The Court has thoroughly reviewed Daugherty's Complaint and concludes that it should be dismissed for several reasons.  First, Daugherty has no standing to bring civil claims for violations of 18 U.S.C. §§ 241, 242, and 1091, or 42 U.S.C. § 3631, because these are criminal statutes.  Simply put, a private citizen lacks a judicially cognizable interest in the criminal prosecution of another and thus cannot assert a claim arising under a criminal statute. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).  Similarly, 34 U.S.C. § 12601 (formerly cited as 42 U.S.C. § 14141) provides standing to the United States (but not to an individual) to bring a civil cause of action against a governmental authority engaging in a pattern or practice that deprives persons of rights, privileges, or immunities secured or protected by the Constitution.  *See* 34 U.S.C. § 12601. Thus, Daugherty also lacks standing to assert this claim.

---

[2] Given the sensitive nature of the documents submitted by Daugherty related to this proceeding, and particularly because the documents contain personal information regarding Daugherty's minor children, the Clerk of the Court has provisionally docketed this attachment under seal. [Record No. 1-3]  The undersigned has reviewed the attachment and concludes that it is sensitive and should remain under seal.

Her remaining claims seek monetary and injunctive relief for alleged violations of constitutional rights. However, Daugherty may not pursue claims for monetary relief against any of the defendants named in her Complaint. With respect to the United States, while *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), authorizes civil actions seeking money damages against federal employees for violations of constitutional rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).

Daugherty claims asserted against the Commonwealth of Kentucky, the City of Lexington, Baptist Health Hospital and the Cabinet for Health and Family Services, seek relief for alleged constitutional violations under 42 U.S.C. § 1983. This statutory section allows monetary relief for a party able to prove that he or she was "(1) deprived of a right protected by the Constitution or laws of the United States (2) by a person acting under color of state law." *Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007) (citations omitted). Thus, Daugherty may not pursue her constitutional claims against Baptist Health Hospital because it is not a state actor, and "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (other citations omitted)).

Next, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages

brought directly against a state, its agencies, and state officials sued in their official capacities. *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). Such entities are not suable "persons" within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019). Thus, daugherty may not pursue these claims against either the Commonwealth of Kentucky nor the Cabinet for Health and Family Services (a state agency).

Likewise, Daugherty may she pursue claims for monetary relief against the City of Lexington. This is because a municipal government is only responsible under § 1983 when its employees cause injury by carrying out the municipality's formal policies or practices. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Therefore, a plaintiff must specify the municipal policy or custom which allegedly caused the complained of injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Here, Daugherty points to no such policy in her Complaint. Thus, her action against the City of Lexington fails to state a claim for relief. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Finally, the Court may not grant the injunctive relief that Daugherty seeks. This Court has no authority to direct any legislative body to pass any federal laws. Rather, Article I, § 1 of the United States Constitution vests "[a]ll legislative Powers herein granted…in a Congress of the United States." *See* U.S. Const. art. I, § 1. And, to the extent that Daugherty seeks an order returning custody of her children to her, this Court will abstain from interfering with the ongoing state child removal proceedings pursuant to the doctrine announced in *Younger v.*

-5-

*Harris*, 401 U.S. 37 (1971) (federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state proceedings absent truly extraordinary circumstances). *Id*. at 44.

Three requirements to be met before application of *Younger* abstention: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)). In this case, state removal proceedings remain pending and due respect for the legal process in state courts precludes any presumption that those courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Thus, *Younger* abstention is warranted and appropriate with respect to Daugherty's requests for injunctive relief related to the removal and/or return of her children. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).

Because the Court finds that Daugherty's Complaint fails to state a claim for which relief may be granted, it is hereby

**ORDERED** as follows:

1.      Daugherty's motion to proceed in forma pauperis [Record No. 3] is **GRANTED**. Payment of the filing and administrative fees is **WAIVED**.

2.      The Clerk of the Court shall maintain Attachment 3 to Daugherty's Complaint [Record No. 1-3] **UNDER SEAL**.

3.     Daugherty's Complaint [Record No. 1] is **DISMISSED** and **STRICKEN** from the docket.

Dated: January 20, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky